The next case for argument is 13-5110, Ground Improvement v. United States. Your Honor, I'm appearing on behalf of Ground Improvement Techniques and M.K. Ferguson Company for the use and benefit of Ground Improvement Techniques. On January 13, 2009, after 14 years of litigation, a second modified amended judgment was rendered in favor of Ground Improvement Techniques. It was not rendered in favor of any secured creditors. It was not rendered in favor of any other parties. It has never been transferred. It has never been assigned. That second modified amended judgment, which is in the appendix at 309, is in favor of Ground Improvement Techniques, Inc. It was not, the claims, the benefits were not transferred from Ground Improvement Techniques eight years earlier during the course of its bankruptcy proceedings. It remained, those claims remained in Ground Improvement Techniques. They were never assigned. They were never transferred. GIT has the debtor in possession of those claims pursuant to its bankruptcy. It's all of this based on, I mean, so look at 8479, and this is the order clarifying. And you're right. It says that the, it doesn't say that the second parties have the option of assigning, secured parties have the option of having, directing the debtor to assign it, or they have the option to continue prosecution in GIT's name in lieu of an assignment. So are you suggesting that you remain the debtor in interest because they didn't do it and they continued to prosecute? You're construing that last sentence to mean you retained your rights? That's correct, Your Honor. If you look at the second line of that order, it identifies the debtor in possession, Ground Improvement Techniques, Inc. They were the debtor in possession. They were identified in the plan at paragraph 1.24 as Ground Improvement Techniques, a debtor in possession, pursuant to the plan. The plan initially envisioned an assignment, GIT will assign, which was then superseded by this order clarifying, modifying the confirmation of the plan, identifies GIT as continuing to be a debtor in possession, Ground Improvement Techniques. And there has been no transfer, either in 2001... I'm looking at the last sentence and just trying to understand how you can construe that in a way other than the government, I think, maintains you can construe it, which is the secure parties are in control, right? They can make the choice. It's their discretion. They can direct the debtor to assign the claim or, it's their option, meaning the option of the secured parties, they can continue to prosecute the case, i.e., the secured parties continue to prosecute the case in GIT's name in lieu of an assignment, right? Well, but it's not that they continue to prosecute the case. It's in lieu of an assignment. So there's no transfer because the plan envisioned a transfer of the interest... It says, it's their option, continue prosecution of the case. Who's their option? Well, it's the option of the secured parties, but in this situation, the secured parties are not the ones pursuing the case. It's the debtor in possession, GIT, and GIT... Well, it's in GIT's name. That's what this says, in lieu of an assignment. Well, it's not just in GIT's name. It's a GIT continuing the prosecution of the case. Now, they have the option of acting as GIT, but that was never done in this case. There was no assignment. There was no direction. GIT continued to pursue the case, continues to pursue the case to this date. But they don't want you to. Well, that's the rub here. That's the rub, right? Yeah, that's the rub. They don't want to comply with the bankruptcy plan that GIT has. The bankruptcy plan doesn't require that you do it. It says that secured creditors can make a decision as to which to do. Well, as the debtor in possession, we have that fiduciary obligation to pursue and complete the plan. And we owe that to the secured creditors. We owe that to the unsecured creditors. We're the ones pursuing this case and have. We've been through five different federal forums pursuing this case. It hasn't been the secured creditors. The secured creditors haven't paid to have this case prosecuted. It's been GIT, and GIT is continuing to pursue this case. The only reason that the secured creditors even stepped up and got involved here is because the Court of Federal Claims, I think, incorrectly ruled that we're not a real party in interest. What about Huff and Kinghorn? Didn't they agree in the litigation agreement that this litigation would be controlled by the secured creditors holding whatever it is, 70% of the total interest? Yeah, that was an agreement between the creditors, but it didn't even involve GIT. Well, I'm putting aside GIT because Huff and Kinghorn are complaining that they should have been allowed to intervene under Rule 19 or whatever. They have an interest in this, but they don't have an interest in joining this litigation, do they? Well, not as in joining. What they did, if you take what the Court of Federal Claims did and say the secured creditors now own the claim, which we contend they do not, if it's the secured creditors that own the claim, then Huff and Kinghorn have equal authority as do the other secured creditors at each standing as the other secured creditors. Doesn't the agreement to which they were signatories, right? Right. Say that the litigation is going to be managed by the secured creditors representing 70% or whatever it is of the claim. That's true, but it doesn't mean that they're without interest, where they could ratify GIT and MK to continue to pursue their interest because they have an interest, and they should be permitted to have that interest represented by GIT and MK pursuant to Rule 20 or Rule 19 as a joiner to protect those interests, because those interests are greater than the ones that currently and well-paid secured creditors have left in this case. I mean, they have no interest in pursuing this case or continuing this case because their only interest is for themselves. They have no duty as GIT does as a debtor in possession to maximize the recovery. The Nevada Bankruptcy Court authorized and directed GIT to seek recovery against the government in order to maximize the recovery against the government, which these secured creditors don't care whether it's maximized, contrary to the requirements of the GIT Bankruptcy Court and contrary to the objectives of the MK Bankruptcy Court. GIT is the only one that has that emphasis to go forward and maximize the recovery, and that should be permitted, and the interests of Keenhorn and Huff are greater than the interests of the secured creditors. They want to maximize the recovery, and their interest to do so under Rule 20 and Rule 19 should be recognized, and they ratified GIT to continue on as a plaintiff, and to continue on, if you take the position that the Court of Thorough Claims took, that GIT isn't even a real party interest. Are you going to get any share? Is it your view that GIT could personally get a share of any money judgments that might come your way? It's a possibility that it could, but they would have to succeed to recover more than what their secured claims are currently. They would have to have an excess amount of funds recovered beyond what their secured claims requirements are, and beyond what the secured party's claims are. There's no question that GIT is going to recover more than what the secured party claims are at this point in time. It's whether GIT can recover more. Wait, why do you say that? Why is there no question? Because the amount of the claim exceeds the amount of what the secured party claims. But that doesn't mean they're going to succeed on the claim. Well, the claim at this point in time has already been adjudicated against MK. The only question is whether the government... It's not adjudicated against the United States. That's true, but one portion of the claim has already been adjudicated against the United States in that Civilian Board of Contract Appeals case, in which the government was found under a summary judgment liable for the $7.8 million that had already been paid to GIT from the bonding company. And MK brought that claim in the Civilian Board of Contract Appeals and succeeded on a summary judgment there. So that $7.8 million arises out of the same judgment that we're seeking the unsatisfied portion of. And there's no reason why the government would be responsible for the $7.8 million, but not the remaining $9.8 million plus accruing interest. There's just no reason why there would be a difference there. So GIT's claim should have been allowed to be ratified by Kinghorn and Huff if the court was going to take the position that GIT has no interest. And we don't agree with that at all. GIT has always had an interest and has always been the priority prosecuting this case and continues to do so. That judgment is in the name of GIT. It doesn't say anywhere in it that it's GIT for the benefit of secured creditors or GIT for any of this. GIT as a debtor in possession pursuant to this order here. And it was stipulated. If you look at the stipulation, at the time GIT recovered the $7.8 million on March 25th of 2009, this is the A617. All of those creditor parties stipulated that it was, quote, GIT judgment funds. The G funds were distributed amongst those creditors in the name of GIT and the creditor. GIT's interest was recognized in there. GIT received $130,000 under the agreement of the parties that GIT would seek full recovery or maximum recovery of the judgment. They received $130,000 for that agreed to by all of these creditors. And now they come in because of the errant ruling of the Court of Federal Claims that GIT didn't even have an interest. If they didn't have an interest, why was the money being distributed by GIT? It's GIT's judgment funds. It's always been GIT's judgment funds. If you look at that stipulation, GIT received far more than the $125,000 for its unsecured creditors that was set forth in that agreement. There was, I don't know that figure, but it was over $1 million that was received by GIT to be dispersed. And GIT was funded to continue the litigation to full recovery or maximum recovery of the judgment. And continues to this day to do so. I mean, we received the judgment. We go to the bankruptcy judge. We got a ruling that said that we weren't entitled to recover interest. We took that up on appeal. The district court reversed. The Ninth Circuit has affirmed that GIT is entitled to recover interest against the government as well as the principal. And so the Nevada Bankruptcy Court authorized and directed GIT to pursue this case against the government in M.K. Ferguson's name for the use and benefit of GIT as a sponsored claim. And how would we not have real party and interest standing if we're complying with a bankruptcy court order that's directing and authorizing us to act against the government? We are the ones that have standing. Just on that alone, it would give us standing. We haven't lost anything. The bankruptcy court recognized that GIT as a debtor in possession, I quoted in our brief, had a fiduciary duty to recover a complete amount of that for the benefit of creditors. And those creditors include these three secured creditors that are attempting to take the case as well as the others, which includes Kinghorn, Huff, and the unsecured creditors. And to the extent that there is a recovery, which is a real possibility, that all secured creditors would be paid off and all claims are satisfied. Including the unsecured creditors? Yes. Do you think there's a realistic prospect that the unsecured creditors will all be satisfied in full and there will still be a residue? I do believe that because of the length of time this case has been pending. This is the 20th year that this case has been pending. And right now, the amount of interest on it is accrued. I think the case is now worth right around $15 million. What is the amount of the claims of the unsatisfied claims of the unsecured creditors? I don't really know that figure precisely, Your Honor. How can you say that it will be more than that? Well, because it wasn't that much to begin with. It wasn't really that much to begin with. I mean, we don't know. You don't know whether it's true or not. You're not supposed to do that. Well, I know that the claims are far less than what we expect to be recovering in this case. I'd like to reserve that. Well, but your point on the interest. I mean, if this is money that's owed to the secured and the unsecured creditors and there's been a pile of interest piling up on that money, that's not extra money that can go to you all. That's money that would go to the secured and the unsecured creditors, right? Well, no, because the bankruptcy plan didn't provide that they would get interest. And for the same reason that M.K. doesn't have to pay interest to us and we only get it against the government would be why G.I.T. wouldn't have any right to interest. So there were excess funds over and above the creditor claims that would go to the former equity holders, right? That's correct, Your Honor, including Mr. Kinghorn. We'll restore two minutes of rebuttal. Thank you. Thank you. Good morning, and may it please the Court. The preliminary issue, I think the only issue that the Court has addressed, is the real party and interest. So I'll focus on that. I have one concern that I have. Your brief is written as though the only interested party is here. In the past, the claim are the secured creditors, but there are the unsecured creditors who, under the plan of reorganization, have an interest. Who is representing the interest of the unsecured creditors in the suit against the government? Is it the secured creditors who have a fiduciary obligation toward the unsecured creditors? How is their interest being represented? Yes, Your Honor. The unsecured creditors have an interest because if there's any excess, there's a possibility. We dispute as to whether there will be any excess. But nonetheless, that is a possibility. Mr. Barber is representing the claim generally on behalf of the unsecured creditors who have the primary interest in recovering it. So the secured creditors who are running the lawsuit have a fiduciary obligation to maximize the recovery for the unsecured creditors as well? Well, I don't know whether it would be a fiduciary duty, Your Honor, but it would be certainly a contract duty because of the – Well, there's no contract. There's a secured – unsecured creditors committee. Is that – there was in the bankruptcy? I'm not aware of whether there was or not, Your Honor, whether there was an unsecured creditor or even how many there were. What I'm saying is I don't understand who's representing the interests of the unsecured creditors here because they're in terms of whether there was a privity claim against the government, the first three counts of the complaint, or any excess with respect to count four of the complaint. I just don't see who's representing the interests of the unsecured creditors here. Well, the secured creditors, Your Honor, are going to try and get whatever they can get from the federal government based on this lawsuit. The excess then – But the question, I don't – who authorized them to represent the interests of the unsecured creditors? Well, that was all part of the agreement concerning litigation, which was – But the unsecured creditors weren't a part of that agreement. No, but the parties to that agreement included Mr. Kinghorn, who's the CEO of GIT, who we understand is being offered to somebody that does have an interest in protecting the unsecured creditors. Why? Well, that's the argument that Mr. Schooley is making this afternoon is that they have that interest and that if that is in fact the case, that there is a fiduciary duty there, then him standing in and making that agreement would then be protection. I don't understand that. I mean, it really seems to me that this whole proceeding has sort of ignored the interests of the unsecured creditors. And I understand the argument that GIT has nothing to do with this. They're not a debtor in possession anymore. But I just don't – it seems to me that a party here is not represented. They're not a party to the litigation agreement. They didn't agree to have the secured creditors represent them. The Bankruptcy Plan of Reorganization doesn't say that the secured creditors represent the unsecured creditors. It simply says that the excess goes to the unsecured creditors. I don't understand how you can have a litigation here that's going to determine the interests of the right of recovery of the unsecured creditors without having somebody represent their interest. Well, Your Honor, there's no indication that there will be any recovery for the – Well, that's a different question. There seems to be a dispute about that. Well, there certainly is. And the fact of the matter is that the secured parties are there. They have a contract agreement to resolve with the unsecured creditors. Well, that's correct, Your Honor. But the way the Bankruptcy Plan is set up is that they have the sole right to pursue and under the – Why shouldn't somebody notify whoever represents the unsecured creditors, whether it's a committee or whatever, that this litigation is going on and their interest may be affected by it, so that if they want to participate, they can do it? Why, at a minimum, shouldn't that be done? Well, I don't know whether it needs to be done, Your Honor, because the secured creditors have the right to pursue this claim. They have the right to pursue the claim, but there's nothing that says that they're representing the interests of the unsecured creditors. I mean, I'm not sure that they would want to undertake a fiduciary obligation to the unsecured creditors. No, Your Honor. I think, at most, they have a contractual duty, but that whatever does get recovered will have to go to them regardless, and they would have a right of action against the secured creditors if they're dissatisfied with the portion of the judgment, assuming there is access. But if the secured creditors bail out on the litigation, as soon as they've collected whatever is due to them, there won't be any judgment, and the unsecured creditors will be left out in the court, right? No, I don't think so, because the secured creditors – the unsecured creditors, rather, would still have a cause of action, I would assume, against the secured creditors if they choose to pursue it. Why would they have a – what would be the basis of their cause of action? Well, they would say that you had an obligation to – based on – we had a right to the excess recovery. You denied us the excess recovery. But, again, with respect to Judge Stein's question, is that – you keep saying, well, that's not necessarily a fiduciary obligation arising in the absence of any kind of order or contract, but you say, well, it may be a contract-based obligation. What contract exactly is it that you're relying on when you say contract-based obligation? Well, I wouldn't say – I may have misspoke. I believe if there is a contract that governs it, it would be the agreement concerning litigation. But I wouldn't confine their claims to simply a contract claim. They may very well have a tort claim against the secured parties in their conduct of the litigation, that by not pursuing it vigorously, you harmed them. There has to be a duty in order for there to be a tort. And that brings us back to is there a fiduciary duty. Well, they have an – You seem to be resisting the notion that there's a fiduciary duty. Well, I – Some kind of duty, you're saying. Well, you're – I'm the wrong person to talk about the duty between the secured and unsecured creditors, and so I don't want to represent that there is a duty because I don't know whether either party would be willing to concede that. So that's my hesitation. It's not because there is or isn't a fiduciary duty, but what they can do – The problem is this. Look, the GIT is here, and they say somebody needs to represent the interests of the unsecured creditors. And you say, well, that possession doesn't continue. You don't have an interest. You're not the one responsible. Fine. I mean, you've got a strong argument in that respect. But somebody has to represent their interest, and the question is who is it? Well – I mean, either the secured creditors have an obligation to represent the interests of the unsecured creditors, or somebody should notify the unsecured creditors about this suit and give them the opportunity to become part of it if they wish. The question is not whether the unsecured creditors are being represented or need to be represented. It's where they need to be represented. And under the rules of the Court of Federal Claims, you only need to join parties if they are necessary to the resolution of the claims at hand. And those parties are not necessary for that purpose. And so we can have this case go forward on the Court of Federal Claims. I don't agree with your suggestion that people with a contingent interest don't have a right to be joined under Rule 19. I think that's not correct. And the unsecured creditors are going to be directly affected by the outcome of this case. So somebody, just as a matter of due process, ought to provide notice to them that this is going on and that they have a right to come in if they wish. Maybe they say, fine. We're happy to see what the outcome is. We don't want to spend the lawyers' fees. We're happy to see what the secured creditors can come out of this, even though they have a conflict of interest, as Judge Bryson mentioned. Fine. But somebody ought to tell them that they can become part of it if they want to. So either they're represented or they've chosen not to be represented. Well, I don't know whether that's the case, whether they've been notified or not. I can't speak to that. The government hasn't made that notification. I know that at least one of the unsecured parties is involved in this litigation through Mr. Kinghorn. But I disagree that they're a necessary party below that. I believe that it's sufficient to go forward just with the secured parties. What was the provision in the original bankruptcy plan for protection of the unsecured creditors? The original bankruptcy plan simply gave the excess. I don't know that there was a particular provision. It was just here's the situation. The secured creditors were specifically addressed in the original plan. Yes. And the unsecured creditors were basically left. If there's anything left over, you get it. Well, certainly with respect to this claim. I mean, with respect to each and every claim, I'm not prepared to talk. We're talking about this claim. With respect to this claim, it simply says that the remaining proceeds shall be distributed to the unsecured creditors on a pro rata basis, is what it says. And that's at 418, 419. And it does continue to say in that paragraph that the secured creditors should have the sole discretion to enter an agreement to settle the MK case, and such settlement should be subject to the editor. Yes, Your Honor. I was alluding a little bit to that earlier, and that is part of the bankruptcy plan that the secured creditors are sufficient because they have that ability to enter into a settlement. So presumably, if the unsecured creditors had been unhappy with having the secured creditors being in complete control of the litigation, then the time to protest that would have been to protest the initial bankruptcy plan. Well, that's right, Your Honor. I mean, if there is going to be a cause of action, it would derive back to here, but the plan has already addressed that issue. Well, when you say it's already addressed that issue, what I'm saying is if the secured creditors looked at the plan and said, whoa, we have no protection here. It's because the secured creditors could pull up their stakes as soon as they've satisfied their needs, and we get nothing as a result if they're in complete control of the litigation. So the question would be, have the unsecured creditors forfeited their opportunity to protest their position in this case by not contesting the plan itself? I would agree with that statement of where the bankruptcy plan leads the unsecured creditors. I believe if there is a due process, they've had their day in court, and that's been resolved. Can I go back to the question about the debtor? It is a little odd. I mean, this case was litigated for many, many, many years, and it seems like GIT was doing all the heavy lifting pretty much independent of anything else. Is that not the circumstance? That is not the circumstance. GIT stood up and started at the beginning by saying exactly that, that the judgment in the district court was solely for GIT. But that was litigated in the district court in Colorado. And right after the bankruptcy, the GIT bankruptcy, MK filed a motion. They characterized it as a motion for standing, but it was essentially the same thing we were arguing at the Court of Federal Claims, which is that the real party interest was no longer there. And the court there found the same thing that the Court of Federal Claims found here, that yes, in fact, GIT was no longer the real party in interest. And that's at A450 to 452 in the record. And what the district court in the GIT subcontract litigation found was that the secured creditors have succeeded to any and all of GIT's claims. And then it goes on to say one of the primary features of the plan is confirmed and clarified, namely that all of GIT's interest in the MK case is assigned to the creditors. So by the time, and this is in 2002, so this is right after... I'm sorry, 2002. May 7th of 2002. So from that point on, it's now GIT and name only. That's actually the words that the court used in that opinion. GIT and name only. It's the secured creditors that are going forward from that point on. And we see that again in the WGI bankruptcy, which was MK turned into WGI turned into URS. And that court spoke or was addressing an issue raised as how do we deal with this claim on a going forward basis. And the bankruptcy court said, here's how I see it. GIT obtained the judgment. GIT filed Chapter 11. GIT has a confirmed plan. That plan provides that the judgment is assigned to the consortium, talking about the secured creditors, your client. If there are excess, it goes to the unsecured creditors. GIT does not have any beneficial interest in the outcome. So over and over again, we see from 2002, that was in 2010. And again, at the court of federal claims last year, that GIT is involved in name only. The real part... Your one problem is that the bankruptcy judge in the MK bankruptcy said that GIT was a debtor in possession and would pursue these claims in that capacity, right? Well, the judge used that word, but it was not in the context of trying to determine who was the debtor in possession. What the bankruptcy court was struggling there with was the fact that MK would not certify the claim. MK simply didn't want to stand behind GIT's claim. And so it was struggling to find out first order, twice. MK, you've got to certify this claim. MK's like, no, we don't want to take that on. And then turned to GIT and said, okay, we'll try and let you certify the claim. The problem with that, of course, is that you've got a jurisdictional problem at the court of federal claims that it's got to be the contractor that certifies the claim, not the subcontractor or anybody else. And so that put a roadblock in their ability to certify the claim. But the language about debtor in possession was not in connection with any ruling on who was the debtor in possession, what was GIT's role. It was simply trying to say, okay, who's left now to certify the claim since the general contractor doesn't want to stand behind it. And so for those reasons, you see it from the beginning to the end through the plan, the plan modification. Each time a court has touched this issue, GIT is not the real party in interest. The real party in interest here is the secured creditors. And for that reason – And how do you see this, our proceeding going? Is it your view that we would need to affirm the court of claims on the real party of interest question, and then we've got a pending motion for dismissal, and then grant that, and then it goes back to the court of claims? Yes, and then that would leave the dismissal of counts one through three standing. This court would not need to address the privity issue, and then we would go forward with the issues on count four before the court of federal claims that involve the secured parties as the real party in interest. Thank you. Thank you. May it please the court. Well, with the question you raised, Judge Prost, with regard to what do we do with this case, it should reverse the court of federal claims court, and at a minimum allow the ratification of GIT and MK by Huff and Kinghorn to pursue as debtor in possession the interests of both Kinghorn and Huff and the other secured creditors. At a minimum, that's what this court should allow to have happen. Otherwise, those interests will never be represented by the secured creditors. The secured creditors didn't even want us to bring the action in the court of federal claims because at the bankruptcy court, they have a trust for unsecured creditors that has an earmarked amount of money in it for GIT that more than satisfies the unsecured creditors. They had no interest in us bringing this case. The MK bankruptcy court had an interest in this case being brought forward because the recovery as the Tenth Circuit and the Ninth Circuit all ruled the obligation at the end of the day belongs to the government to pay these costs for a project that GIT did 20 years ago and the government got the benefit of. Those interests need to be represented for those people to get their recovery, and Mr. Kinghorn is one of them. To say that the unsecured creditors have no interest and they aren't in play any longer is just not true. Kinghorn has asked for ratification of GIT and it should be granted. With regard to the district court in Colorado with respect to the standing of GIT, the court in that case denied the motion that GIT didn't have standing, allowed GIT to continue, and GIT was ratified by the secured creditors as well as the unsecured creditor, Mr. Kinghorn, to continue the case forward. And they did, and the judgment was entered not for anybody else other than ground improvement techniques. It wasn't entered in the benefit of the secured creditors or anybody else. You're saying when the secured creditors ratified GIT to continue the litigation, they in effect forfeited their rights to the benefits of the litigation? Is that what you're saying? Well, no. I'm saying that they allowed GIT to pursue the case. They didn't pursue the case or pursue the case in GIT's name. They allowed GIT to continue forward. What was the consequence of that with respect to their interests in the ultimate judgment? They continue to have a beneficial interest, which was recognized in that stipulation when the firms that were recovered were dispersed, but they didn't have any more interest other than a beneficial interest in the recovery because GIT continued as a debtor in possession, which the MK Bankruptcy Court recognized that GIT had a fiduciary obligation and is attempting to fulfill that fiduciary obligation. Thank you. We thank both parties and the case is submitted.